IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 07-cv-00070-PSF-CBS

BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE, F/K/A
THE FIRST NATIONAL BANK OF CHICAGO AS TRUSTEE
C/O HOMECOMING FINANCIAL NETWORK,

      Plaintiff,

v.

UNITED STATES OF AMERICA, named as Internal Revenue
Service, Chief of Special Procedures,

      Defendant.

---

**ORDER ON MOTION TO DISMISS**

---

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. # 10),

filed on February 13, 2006.  Plaintiff filed a response on March 13, 2007 (Dkt. # 17),

and defendant replied on March 28, 2007 (Dkt. # 18).  The motion is fully briefed and

ripe for disposition.

**I.      BACKGROUND**

The following alleged facts of this case are taken from plaintiff's complaint (Dkt.

# 3) and appear to be undisputed.  On November 11, 2005, Plaintiff Bank One

commenced judicial foreclosure proceedings against Richard D. Rudd, Jr. and Shanna

Rudd in the District Court of Adams County, Colorado.  Compl. ¶ 5.  These proceedings

concerned a property located at 8250 Downing Drive, Denver, Colorado 80229 (the

"Property").  *Id.*  On January 11, 2006, the Adams County District Court entered an

Order Authorizing the Sale of the Property.  *Id.* ¶ 6.  Pursuant to that Order, on January

18, 2006, the Property was offered for sale at public auction, and plaintiff purchased

the Property for $168,618.34.  *Id.* ¶¶ 7-8.  The Internal Revenue Service ("IRS") holds

two tax liens against the Property totaling $51,957.96.[1]  *Id.* ¶ 9.  A Notice of Federal

Tax Lien was recorded with respect to each lien, the first on October 31, 2005, and the

second on November 14, 2005.  *Id.*  However, the IRS was not given notice of or

named as a party in the foreclosure proceedings.  *Id.*

In the instant action, originally filed in the District Court of Adams County,

Colorado and properly removed to this Court, plaintiff seeks a declaratory judgment

that the United States is an "omitted party" under Colorado law, C.R.S. § 38-38-506,

and requests that the Court:

> [e]nter an Order allowing sixty days from the date of the entry of the Order
> for the Defendant Internal Revenue Service to file notice of intent to
> redeem with the Court; and allowing Defendant one hundred and twenty
> (120) days from the date of entry of the Order to pay the redemption
> amount to the Adams County Trustee, and further, if Defendant chooses
> not to exercise its right to redeem, that its interest in the Property be
> terminated and its liens be deemed extinguished and of no further force
> and effect against the Property[.]

*Id.* at Wherefore Cl., ¶ 1.  Defendant seeks dismissal of the complaint on two grounds:

(1) lack of subject matter jurisdiction under F.R.Civ.P. 12(b)(1), and (2) failure to state a

claim under F.R.Civ.P. 12(b)(6) on the grounds that C.R.S. § 38-38-506 conflicts with

and is therefore preempted by an applicable federal statute.

---

[1] According to defendant, the lien notices are virtually identical, as they both reflect assessments for the 1999 through 2001 tax years, and each shows a different $500 penalty.  Def.'s Mot. at 3 n.1. Plaintiff does not dispute this assertion.

## II.    SUBJECT MATTER JURISDICTION

Under principles of sovereign immunity, the United States may not be sued without its consent, and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citation omitted).  A waiver of the government's sovereign immunity must be explicitly expressed and must be strictly construed in favor of the government. *Fostvedt v. United States*, 978 F.2d 1201, 1202 (10th Cir. 1992), *cert. denied*, 507 U.S. 988 (1993) (citations omitted).  "The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188 (1936)).

Plaintiff argues that 28 U.S.C. § 2410(a) provides a waiver of the United States' immunity from suit in the instant action.  Section 2410(a) provides in pertinent part:

> [T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
>> (1) to quiet title to, [or]
>>
>> (2) to foreclose a mortgage or other lien upon,
>>  . . . .
>
> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a)(1), (2).

Defendant contends that § 2410(a)(2) does not apply because plaintiff cannot seek foreclosure of a lien on property plaintiff already owns.  The Court agrees.  The

property at issue has already been sold pursuant to a judgment in a separate

foreclosure action, and thus 28 U.S.C. § 2410(a)(2) does not waive the United States'

sovereign immunity in the underlying action.

Defendant further argues the instant action is not one to quiet title under 28

U.S.C. § 2410(a)(1) because plaintiff is not challenging the validity of the tax liens.

Citing a district court case from the District of Maryland, defendant argues:

> "A quiet title action is a suit in which a plaintiff seeks a decree that some
> allegedly adverse interest in his property is actually defective, invalid or
> ineffective prior to and at the time suit is brought either because the lien
> was invalidly created, or has become invalid or has been satisfied."

Def.'s Reply at 4 (quoting *Kasdon v. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995

(D. Md. 1982), *aff'd*, 707 F.2d 820 (4th Cir. 1983)).  Because it is undisputed that the

tax liens at issue are valid, defendant contends, plaintiff's suit cannot be characterized

as an action to quiet title under § 2410(a)(1).

The Court disagrees.  The holding in *Kasdon* regarding the parameters of quiet

title actions has been criticized as overly narrow by several courts, including one in this

district.  In *McEndree v. Wilson*, 774 F. Supp. 1292 (D. Colo. 1991), the holder of a

promissory note and warranty deed on a parcel of real property sued several

defendants, including the United States, seeking a declaratory judgment that his

equitable mortgage took priority over federal tax liens on the property.  In holding that

lien priority disputes fell within the meaning of a § 2410(a)(1) quiet title action, the court

noted:

> Most courts recognize that the words "quiet title" in 28 U.S.C.A.
> § 2410(a)(1) were intended to be more expansive than the common law

meaning of "quiet title" actions.  Rather, the phrase "quiet title" is "used in a broad sense to cover a suit to remove a cloud on title."

*Id.* at 1295 (internal citations omitted) (quoting *United States v. Coson*, 286 F.2d 453, 457 (9th Cir. 1961)).  The First Circuit reached the same conclusion in *Progressive Consumers Federal Credit Union v. United States*, explaining:

> If, in substance, the relief the plaintiff sought here—a declaration of the priority of [the plaintiff's] mortgage over the government's tax lien—is congruent with the relief available in a quiet title suit, it would frustrate congressional intent to block plaintiff's access to relief.  Congress, after all, was concerned not with the niceties of common law pleading, but with practical problems facing owners whose property was encumbered by government liens.

79 F.3d 1228, 1231–32 (1st Cir. 1996).

Although the situation in the instant case differs from the lien priority disputes at issue in *McEndree* and *Progressive*, the Court finds the reasoning of those cases persuasive.  In this case plaintiff, having already purchased the Property at the foreclosure sale, seeks a declaration that the United States be required to exercise its redemption rights and that its liens be deemed extinguished if it chooses not to exercise those rights.  Given this request, the Court will construe plaintiff's action as one to remove a cloud on title under § 2410(a)(1).  As defendant recognizes, "[t]he ultimate relief which the plaintiff seeks is an order that the United States' 'interest in the Property be terminated and that its liens be deemed extinguished and of no further force and effect against the property.'"  Def.'s Reply at 3 (quoting Compl. at Wherefore Clause, ¶ 1).  Such relief would entitle plaintiff to ownership of the Property free and clear of the tax liens, which is "congruent with the relief available in a quiet title suit," as

it would remove a cloud on plaintiff's title. *Progressive*, 79 F.3d at 1231.  Accordingly, the Court holds plaintiff has met its burden of showing that sovereign immunity has been waived, and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410(a)(1).

## III.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.   Standard of Review

The purpose of a motion to dismiss under F.R.Civ.P. 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  In ruling on a motion to dismiss, a court "must construe the complaint in favor of the complaining party," *Utah v. Babbitt*, 137 F.3d 1193, 1204 (10th Cir. 1998), and must draw all reasonable inferences in favor of the plaintiff.  *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976).  The Court will dismiss a claim for failure to state a claim upon which relief can be granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

### B.   Analysis

Plaintiff alleges that the United States, as an entity with a record interest in the foreclosed Property that was not named as a party defendant in the foreclosure action or properly notified of the foreclosure sale, is an "omitted party" as defined by C.R.S.

§ 38-38-506(1).  Pursuant to § 38-38-506(2), an omitted party's interest in the foreclosed property "may be terminated if such omitted party, in a civil action commenced by any interested person, is afforded rights of cure and redemption" no greater than the party's statutory rights.  Those "statutory rights" provide that owners and subsequent lienors have a right to redeem the property within a specified time period and, upon expiration of that period, title to the property vests in the holder of the certificate of purchase—in this case, plaintiff—"free and clear of all liens and encumbrances junior to the lien foreclosed."  C.R.S. § 38-38-501.  Plaintiff thus requests that the United States be required to exercise its right to redeem the Property and, if the United States fails to do so, that title be vested in plaintiff free and clear of the federal tax liens.

Defendant does not dispute that it qualifies as an "omitted party" under C.R.S. § 38-38-506(1).  Rather, defendant argues that § 38-38-506 does not apply because it conflicts with and is thus preempted by applicable federal law as stated in 26 U.S.C. § 7425(a), which provides in pertinent part:

> **(a) Judicial proceedings.**—If the United States is not joined as a party, a judgment in any civil action or suit described in subsection (a) of section 2410 of title 28 to the United States Code, or a judicial sale pursuant to such a judgment, with respect to property on which the United States has or claims a lien under the provisions of this title–
>
> > (1) shall be made subject to and without disturbing the lien of the United States, if notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced, or
>
> > (2) shall have the same effect with respect to the discharge or divestment of such lien of the United States as may be provided

>with respect to such matters by the local law of the place where such property is situated, if no notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced or if the law makes no provision for such filing.

26 U.S.C. § 7425(a)(1), (2).

As argued by defendant and conceded by plaintiff, § 7425(a)(1) applies to the federal tax lien of which notice was properly recorded on October 31, 2005 because (1) there was a judgment in a foreclosure action with respect to property on which the United States had a lien, (2) the United States was not named as a party in that action, and (3) notice of the lien had been "filed in the place provided by law for such filing at the time the [foreclosure action was] commenced" on November 11, 2005. *See* 26 U.S.C. § 7425(a)(1). Pursuant to that statute, plaintiff purchased the Property "subject to and without disturbing the lien of the United States." *Id.*

The issue then becomes whether C.R.S. § 38-38-506, a state statute that also applies on its face to the situation at hand, is preempted by the applicable federal statute. Congress has the power under Article VI of the Supremacy Clause to preempt state law and may do so either expressly or by implication. *See Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1180 (D. Colo. 2003). As is relevant to the instant case, congressional intent to preempt state law may be implied "where state law 'actually conflicts with federal law' . . . either because 'it is impossible for a private party to comply with both state and federal requirements' or 'state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* (quoting *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990)). Implied conflict

preemption is predicated on "the assumption that Congress would not want state law to apply" under the existing circumstances. *Id.* at 1180–81 (citing *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 873 (2000)).

The Court holds that there is an actual conflict between C.R.S. § 38-38-506 and 26 U.S.C. § 7425(a)(1) such that the state statute is preempted and thus cannot apply. There is no viable way to apply both statutes and accomplish the full objective of the federal statute.  Under 26 U.S.C. § 7425(a)(1), the tax lien of which notice was recorded at the time foreclosure proceedings were commenced simply remains undisturbed without further action by the United States.  Under Colorado law, however, the United States has two choices:  exercise its right to redeem the Property, or decline to do so and have the lien extinguished.  C.R.S. § 38-38-506.  Neither option comports with the outcome mandated by § 7425(a)(1), and the state and federal statutes thus cannot be applied consistently.  Moreover, plaintiff has presented no evidence, and the Court has not located any, to overcome the corresponding presumption that Congress would not want state law to apply in these circumstances.  *See Cook*, 273 F. Supp. 2d at 1181.  Thus, under 26 U.S.C. § 7425(a)(1), the federal tax lien of which notice was recorded on October 31, 2005 remains undisturbed, and plaintiff has no valid cause of action under C.R.S. § 38-38-506 with respect to that lien.

However, § 7425(a)(1) by its terms does not apply to the second federal tax lien, notice of which was recorded on November 14, 2005, *after* the commencement of the foreclosure proceedings on November 11, 2005.  Rather, § 7425(a)(2) applies to the second lien because "no notice of such lien [was] filed in the place provided by law for

such filing at the time [the foreclosure] action or suit commenced." 26 U.S.C.

§ 7425(a)(2).  Under this provision, the judgment in the foreclosure action "shall have

the same effect with respect to the discharge or divestment of such lien of the United

States as may be provided with respect to such matters by the local law of the place

where such property is situated." *Id.*  In this case, the applicable local law is C.R.S.

§ 38-38-506, and there is no conflict between state and federal law with respect to the

second lien.  Thus, defendant has failed to meet its burden of showing that plaintiff's

action should be dismissed as a matter of law with respect to the second lien.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt. # 11) is

GRANTED IN PART and DENIED IN PART.  Plaintiff's request for a declaratory

judgment pursuant to C.R.S. § 38-38-506 is dismissed with prejudice with respect to the

tax lien of which notice was recorded on October 31, 2005.  Plaintiff's request remains

pending with respect to the tax lien of which notice was recorded on November 14,

2005.

DATED:  August 15, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____

Phillip S. Figa
United States District Judge

10